H. K. WEBSTER COMPANY *vs.* CHARLES W. MANN.

Essex.     December 3, 1929. — December 5, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Practice, Civil,* Removal from district or municipal court to Superior Court, Requests, rulings and instructions, Appellate Division: appeal. *Constitutional Law,* Trial by jury.  *District Court,* Jurisdiction.  *Bond,* Removal bond.

On the return day of an action of contract in a district court, the defendant deposited with the clerk thereof a claim for a trial by jury and $3 for the entry of the action in the Superior Court.  Several weeks later he filed a motion under G. L. c. 231, § 107, for leave to file a removal bond and to make late entry in the Superior Court.  At the time of the hearing on the motion, he tendered the clerk a bond in proper form and with sufficient sureties, which the clerk refused to accept or approve.  The defendant did not file an affidavit as required by G. L. c. 231, § 104.  The motion, and certain requests by the defendant for rulings, were denied.  Upon appeal to this court from an order by an appellate division dismissing a report by the trial judge, it was *held,* that

(1) The defendant, having failed to comply with all the requirements of § 104 within the time specified therein, was not entitled to a removal of the action to the Superior Court as a matter of right;

(2) The judge of the District Court had power to permit a removal of the action under § 107 only after compliance by the defendant with all the requirements of § 104, except as to the time within which those requirements should be met;

(3) The defendant, not having filed an affidavit as required in § 104, was not entitled to an allowance of his motion;

(4) Furthermore, the disposition of the motion was within the discretion of the judge and, there not being an abuse of discretion apparent from the record, such disposition was not subject to review by this court;

(5) In the circumstances, the clerk properly refused to receive or approve the bond which the defendant tendered;

(6) Since the denial of the motion was proper, it was not necessary for this court to consider the propriety of the denial of the defendant's requests for rulings;

(7) The mode of exercising the right to trial by jury secured by the Constitution of the Commonwealth may be prescribed by reasonable regulations which do not impair the substance of the right;

(8) G. L. c. 231, §§ 104, 107, prescribe such reasonable regulations and are constitutional: the defendant was not unlawfully deprived of his right to a trial by jury.

CONTRACT. Writ in the District Court of Lawrence dated October 1, 1928.

Proceedings in the District Court with reference to a motion by the defendant for leave to file a removal bond late under G. L. c. 231, § 107, are described in the opinion. The motion was denied. After hearing upon the merits, there was a finding for the plaintiff in the sum of $597.47 and interest. A report to the Appellate Division for the Northern District was ordered dismissed. The defendant appealed.

*F. W. Morrison*, for the defendant.

*M. A. Sullivan*, for the plaintiff.

RUGG, C.J. This action of contract was brought in a district court. On the return day of the writ the defendant filed a claim of jury trial with the clerk of the District Court and deposited with him $3 for the entry of the cause in the Superior Court. He also filed an answer. About three weeks later the defendant filed a motion asking "to be permitted to file an appeal bond" and to make late entry in the Superior Court, and averring among other matters that he "inadvertently did not file bond required by statute" but had then perfected the bond and proffered it to

the court. No bond accompanied this motion, but one was tendered about a week later.

According to St. 1925, c. 132, § 2, the procedure is governed by G. L. c. 231, § 104. It there is provided that the defendant may, "within two days after the time allowed for entering his appearance, file in said court a claim of trial by jury, and an affidavit by his counsel of record, if any, and if none, the affidavit of such party, that in his opinion there is an issue of fact requiring trial in the cause, and that such trial is in good faith intended, together with the sum of three dollars for the entry of the cause in the Superior Court, and a bond in the penal sum of one hundred dollars, with such surety or sureties as may be approved by the plaintiff or the clerk or an assistant clerk of said municipal court, payable to the other party or parties to the cause, conditioned to satisfy any judgment for costs which may be entered against him in the Superior Court in said cause within thirty days after the entry thereof. The clerk shall forthwith transmit the papers and entry fee in the cause to the clerk of the Superior Court, and the same shall proceed as though then originally entered there." It is further provided, with respect to such removal from a district to the Superior Court, by G. L. c. 231, § 107, that the District Court "may, upon cause shown and after notice to all adverse parties, permit such removal to the Superior Court, upon the terms above specified, at any time prior to final judgment."

At the hearing on the motion it was agreed that the bond was tendered to the clerk on the day of the hearing and that he refused to accept or approve it on the ground that it was not tendered to him within the time fixed by law. The court found, so far as material, that the sureties on the bond were sufficient and that the bond complied in all particulars with the requirements of the statute except that it was not approved by or filed with the clerk and that it was not tendered to the clerk within the time required by law, and denied the motion for these reasons. Subsequently the case was tried upon its merits and a finding was made for the plaintiff.

It is plain that the defendant failed to comply with the

provisions of said § 104 so as to entitle him to removal of the case to the Superior Court as matter of right.   By that section, within two days after the time allowed for entering his appearance, four things must be done by the defendant in order to entitle him to removal: (1) a claim for trial by jury must be filed; (2) an affidavit by counsel or, if there is no counsel, by the party stating (a) that there is in his opinion an issue of fact requiring trial and (b) that such a trial is in good faith intended, must be filed; (3) a deposit of $3 must be made with the clerk of the District Court for the entry of the case in the Superior Court; and (4) a bond must be filed in the penal sum stated with sureties approved either by his opponent or by the clerk or assistant clerk of the District Court.   A deposit of cash instead of a bond is permitted by G. L. c. 231, § 106, but that need not be considered because there was no attempt to perform this alternative requirement.

Failure in the performance of any one of these essential prerequisites deprives the defendant of his right to removal of the case.   Confessedly in the case at bar the defendant complied with only two of these four essentials, namely, he filed a claim for trial by jury and he deposited $3, but he omitted, and has at all times omitted, to file the required affidavit and he did not tender the bond until long after the time specified in said § 104 had expired. Moreover, the bond was never approved by the opposing counsel or by the clerk or assistant clerk of the District Court.   In these circumstances the only course open to the defendant was to file in the District Court a petition for removal under the provisions of said § 107.   The power of the District Court to permit removal under § 107 is strictly confined to a removal "upon the terms above specified."   Those words mean, upon the four essential prerequisites stated in § 104 as above specified.   The clerk of the District Court rightly refused to receive or to pass upon the sufficiency of the sureties on the bond because it was not offered for filing within the statutory period.   He was never thereafter directed by the court under the power conferred in § 107 to receive the bond

and pass upon the sufficiency of the sureties. If it be assumed in favor of the defendant that he put himself in a position with respect to the bond to petition for a removal under § 107, he failed to put himself in such position with respect to the required affidavit because he never filed such affidavit.

From another point of view the defendant fails to show that he is aggrieved. The defendant not having complied with the requirements of § 104, the granting of a petition for removal under § 107 rested in the sound judicial discretion of the District Court. Upon familiar principles that discretion will not be reviewed by this court unless there was an abuse of such discretion. Plainly it cannot be successfully contended that abuse of discretion is shown on this record. It follows that, whether the denial of the motion of the defendant be regarded as a ruling of law or as an exercise of discretion, there was no error.

The defendant's requests for rulings were denied rightly. Since the action of the trial judge was correct, the accuracy of his reasons are of no consequence and need not be considered. *Randall* v. *Peerless Motor Car Co.* 212 Mass. 352, 384.

The defendant has argued that his constitutional right to a trial by jury has been impaired. It is familiar law that the right of trial by jury secured by art. 15 of the Declaration of Rights is sacred and must be sedulously guarded against every encroachment, yet it may be regulated as to the mode in which the right shall be exercised so long as such regulation does not impair the substance of the right. *Bothwell* v. *Boston Elevated Railway*, 215 Mass. 467, 472, 473, and cases there reviewed. *Farnham* v. *Lenox Motor Car Co.* 229 Mass. 478, 480, 481. *Commonwealth* v. *Gedzium*, 259 Mass. 453, 460. It is too plain for discussion that the regulation of the right to trial by jury by the statutes here involved is within the constitutional power of the General Court. No essential of the right to trial by jury is impaired in any degree. These statutes merely impose reasonable limitations for the exercise of such right.

*Order dismissing report affirmed.*