*Municipal Court of the City of Boston*

No. 18677

**ROCKEFELLOW HOWELL**

v.

**OTIS Le MON, ET AL**

(October 7 — November 3, 1960)

*Present:* Gillen, J. (Presiding), Lewiton & Roberts, JJ.

Case tried to —————, *J.*,

*Lewiton, J.* The defendant here claims to have been aggrieved by the denial of his motion to remove the instant case to the Superior Court under the following circumstances which are set forth in the report:

The plaintiff's writ, in this motor vehicle tort action, was returnable on January 30, 1960. The defendants did not file any appearance or answer within the time allowed for filing the same, nor did they file a claim of trial by the Superior Court within two days after the time allowed for entering their appearance (G. L. [Ter. Ed.] c. 231, §57; B. M. C. Rule 14). On March 24, 1960 a motion to remove the default was heard and

allowed, and answers were ordered filed on or before April 7, 1960. Answers were in fact filed on April 1, 1960, at which time the defendants sought to claim trial in the Superior Court and to have the case removed from this court for that purpose. The clerk having refused to accept the claim of removal and the removal bond sought to be filed by the defendants, the latter filed a motion for leave to remove the action to the Superior Court, which motion was heard and denied on April 21, 1960. This denial is the ruling complained of in this report.

Removal of an action from this court to the Superior Court can be required by a defendant as matter of right under G. L. (Ter. Ed.) c. 231, §104, only if the defendant files his claim of trial by the Superior Court, together with the entry fee and removal bond "within two days after the time allowed for entering his appearance". Certainly, the time allowed these defendants for entering their appearances in this action which was returnable on January 30, 1960 had expired long prior to March 24, 1960, when their motion to remove default was allowed. Although the court then ordered the default removed and extended the time for filing answers, there was no extension of the time for filing appearances. As a matter of fact, an extension of time for filing appearances would then have been most inappropriate, since the filing of the motion to remove default in and of itself constituted a general appearance by

these defendants. *Modist v. Lynch,* 277 Mass. 135, 136; *Wrinn v. Sellers,* 252 Mass. 423, 425; *Rollins v. Bay View Auto Parts Co.,* 239 Mass. 414, 423; *B. M. C. Rule No.* 8.

Failure of the defendants to file their claim for trial in the Superior Court until April 1, 1960, which was considerably more than two days after the time allowed for entering their appearances, deprived them of their right to removal of the case. *H. K. Webster Co. v. Mann,* 269 Mass. 381, 384. To the extent that the motion for removal could be regarded as having been filed under the provisions of §107 of c. 231 of the General Laws, it was addressed to the discretion of the court. *H. K. Webster Co. v. Mann,* 269 Mass. 381, 385; *Kerr v. Palmieri,* 325 Mass. 554. No abuse of discretion is shown on this report and consequently there was no error. *H. K. Webster Co. v. Mann,* 269 Mass. 381, 385.

*Report dismissed.*

John W. Bunker of Boston, for the Plaintiff.
S. M. Blumenthal of Boston, for the Defendants.