ROSALIND HOCTOR GRIFFIN *vs.* CHARLES E. POWERS. October 2, 1973. This action of tort is before us subsequent to a long and involved procedural process. We outline the proceedings relevant to the present controversy. The action was brought in the Superior Court but transferred to the District Court of Southern Essex under the provision of G. L. c. 231, § 102C. Following a trial on the merits in that court a finding was made for the plaintiff on June 11, 1970, after which judgment was entered on June 26 and execution issued on June 29. On November 23, 1970, the District Court allowed the defendant's petition to vacate judgment "if the . . . [defendant] files sufficient bond in [the] penal sum of $8200 within twenty days" because of the defendant's failure to receive notice of the original finding. On November 27, the plaintiff filed a request for report to the Appellate Division and on December 4 filed a draft report wherein he claimed to be aggrieved by the

decision to vacate judgment. On December 4 the District Court dismissed the draft report "as the Appellate Division has no jurisdiction." Also on that date the defendant filed a bond in the sum of $8200. On December 28 the plaintiff requested the issuance of an execution, claiming that the defendant had failed to exercise his right to retransfer under G. L. c. 231, § 102C. No action was taken. On January 22, 1971, the District Court, on its own motion, revoked the June 11, 1970, finding because of the lack of notice and entered a finding for the plaintiff. On January 27, the defendant filed a request for retransfer under G. L. c. 231, § 102C. Both parties filed an insistence on jury trial, and on February 9 the plaintiff filed in the Superior Court a "motion to dismiss" which requested that the order of the District Court retransferring the case to the Superior Court be revoked and that the case be returned to the District Court for the issuance of an execution. The allowance of this motion and the defendant's exception thereto bring this case before us. When the defendant filed the bond within the prescribed twenty days on December 4, 1970, the vacation of judgment automatically arose. He then had ten days to claim retransfer to the Superior Court. See *Hall* v. *Opacki, ante,* 58 (1973); G. L. c. 231, § 102C. The defendant originally filed the petition to vacate in order to exercise his right to request retransfer on or before December 14, at the expiration of which date the case again became ripe for judgment. Judgments are entered on Friday of each week in the District Courts. G. L. c. 235, § 2. Consequently, judgment for the plaintiff should have been entered on December 18, 1970, (the first Friday after December 14). The District Court had no authority, after the ten days had elapsed, to order retransfer. G. L. c. 231, § 102C. Such an interpretation is in accord with the construction given to similar time limitations by the Massachusetts courts. See, for example, *Wind Innersole & Counter Co. Inc.* v. *Geilich,* 317 Mass. 327 (1944), and *Oeschger* v. *Boston, ante,* 800 (1973), and cases cited.

*Exceptions overruled.*

*Arthur J. McLaughlin* for the defendant.

*Edward R. Butterworth* (*Anthony J. Palleschi* with him) for the plaintiff.