Cowdrey, P. J.
This is an action[3]-for breach of contract and fordamages pursuant to G. L. c. 93A. The sole question for review is the propriety of the trial court’s denial of the defendant’s motion to remove this case to the Superior Court Department for trial by jury-
Judgment in the sum of $1,800.00 was entered for the plaintiffs herein on March 30, 1981. On April 7, 1981, the defendant filed a “Motion to Amend Findings and Judgment.” This motion was denied on April 17, 1981, and the defendant received notice of such denial on April 21, 1981.
On April 23, 1981, the defendant filed an entry fee, removal bond and an instrument entitled “Removal to Superior Court and Claim of Jury Trial. ’ ’ These documents were returned to the defendant on May 1,1981 by the trial court clerk on the grounds that such documents had been filed late.
The defendant thereafter filed a “Motion to Forward Papers to Superior Court for Appeal” on May 6,1981. This motion was ultimately denied, and the defendant claimed a report therefrom.
1. In order to secure a post-judgment removal of this action to the Superior Court Department for a jury trial pursuant to G. L. c. 231, § 104, the defendant was required to submit a request for such removal, entry fee and bond within ‘ ‘ten days after notice of the decision or finding” of the district court. Any failure to adhere to the time strictures of the statute would have constituted a forfeiture by the defendant of his right to a trial by jury in this matter. H. K. Webster v. Mann, 269 Mass. 381, 384 (1929); Perlman v. Kornitsky, Mass. App. Div. Adv. Sh. (1981)5; Fitchburg Gas & Elec. Light Co. v. Yankee Plastic, 53 Mass. App. Dec. 180, 182 (1974). A district court has no authority to extend the ten day statutory period for removal or retransfer to the Superior Court Department. Griffin v. Powers, 1 Mass. App. Ct. 846, 847 (1973); Purcell v. Dutch Enterprises, Inc., Mass. App. Div. Adv. Sh. (1978) 214, 217.
2. Although the statutory ten day period for removal generally commences from the date of the actual receipt of notice of judgment, Jefferson v. L'Heureaux, 293 Mass. 409, 492 (1936); Sweeney v. Morey & Co., 279 Mass. 495, 502 (1932); the running of this time period may be suspended by certain post judgment proceedings in the District Court Department. A report to this Appellate Division tolls the G. L. c. 231 § 104 *42 removal period, and (he statutory ten day sequence commences anew from the date of receipt of notice of a Division decision. See Fusco v. The Springfield Republican Co., 367 Mass. 904, 906 (1975); Heil v. McCann, 360 Mass. 507, 510 (1971); Lubell v. First Nat'l Stores, Inc., 342 Mass. 161, 165-166 (1961); Atlantic Richfield Co. v. Quill, Mass. App. Div. Adv. Sh. (1981) 241, 242. The submission in the trial court of a Dist./Mun. Cts. R. Civ. P. Rule 64 draft report or of a motion to vacate judgment has also been deemed an effective mechanism to suspend the § 104 ten day period. See McGloin v. Nilson, 348 Mass. 716, 718 (1965); Griffin v. Powers, supra at 847.
The rationale for these decisions may be derived from the G. L. c.231, § 104 phrase “finding or decision” which connotes an element of finality. A cause of action is not subject to removal if further proceedings in the District Court Department have been initiated in the form of either an appeal to this Division or an application in the trial court for post-judgment relief. The defendant’s Dist./Mun. Cts. R. Civ. P., Rule 59 motion to amend judgment herein suspended the finality of the lower court’s judgment, see Burnham v. Clerk of the First District Court of Essex, 352 Mass. 466, 467-468 (1967); Hutchinson v. Hutchinson, 6 Mass. App. Ct. 705, 707, (1978); and constituted an extension of the lower court proceedings which required district court resolution prior to a G. L. c.231, § 104 removal.
3. The defendant’s Rule 59 motion tolled the § 104 time for removal to the Superior Court Department, and a new § 104 ten day period began to run from the date of notice of. the trial court’s denial of the defendant’s motion. Vicalvi v. George, 39 Mass. App. Dec. 73, 76 (1967). As the defendant submitted a request for removal, entry fee and bond on April 23,1981, and thus within ten days of notice of the court’s April 21,1981 denial of his Rule 59 motion, the defendant’s removal effort was timely and should have been immediately processed by the trial court clerk.
Accordingly, the denial of the defendant’s “Motion to Forward Papers to Superior Court” is vacated. This case is remanded for the forthwith transmission of this action to the Superior Court Department pursuant to G. L. c. 231, § 104.

 The claim did not exceed $7,500.00.