Dissenting Opinion

Shubow, J.
dissenting. This case presents the question of whether a defendant which, after losing a civil case, undertakes in timely fashion and in good faith to seek a jury trial, may lose its constitutional right to do so because of conduct of others over which it had no control. This is not the garden variety of controversy where a party for one reason or another is tardy in completing some procedural step deemed essential to carrying on *86 the litigation. With all deference, I suggest the underlying[1] chronological facts warranted the trial judge in overruling the clerk’s rejection of late-arriving appeal papers; the cases relied on by my brothers do not, under the rare circumstances here present, require reversal, and recent authority, though not precisely on all fours, leaves the central question open and arguably authorized the trial judge’s action.
In the first place, it is not necessarily the case that when the trial court clerk on July 6,1982, ás appears from the docket entries, finally received the defendant’s notice of appeal and check, that the jury claim was then indeed “late.” It is undisputed that under the circumstances the defendant had at least until July 1,1982, to file its claim. For aught that appears in the Report, the trial court may have had in mind the provisions of Dist/Mun. Cts. R. Civ. P., Rule 6(d) which provides:
Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a. notice or other papers upon him and the notice or paper is served upon him by mail, three days shall be added to the prescribed period.
No case has held that this Rule does not apply to time deadlines appearing both in the rules and statutes. Indeed the Rule opens (section a) with an express definition treating certain computations of time under" . . . these rules, by order of court, or by any applicable statute or rule ...” (emphasis supplied). If three days are added, pursuant to the computation rule, the relevant deadline becomes July 4,1982. That was a Sunday. The next day, Monday, July 5, 1982, was a legal holiday. If Rule 6(d) applies [but see Goldstein v. Barron, 382 Mass. 181 (1980)], then the arrival of the requisite papers was timely and the clerk in error in returning to the defendant the papers filed by it.[2]
Since the parties have not briefed the timeliness point, I turn to the more fundamental issue. Assuming the jury claim did arrive late, did the trial court have any discretion to relieve the aggrieved party from the consequences of the delay? It is, of course, undisputed that no fault may be attributed on this record to the defendant. Counsel for the defendant on June 23,1982, mailed his claim for trial by jury on appeal and a check for the necessary removal fee and the bond within two days of receipt of notice from the clerk of the findings adverse to his client. “Due to an internal problem in the Post Office the Postal Authorities failed to pick up the mail for several days so that Jury Claim was not dated [received? ] until July 2,1982, due at no fault of Attorney Zeman who had exercised due dillegence (sic).” (Report, p. 1). A duty on the defendant to make a daily check of the docket in order to make certain that the notice mailed was in fact received by the clerk could not be reasonably imposed. See *87 Hanley v. Polanzak, 8 Mass. App. Ct. 270, 275, footnotes 10 and 11 (1979). The Rule as to an extra three days for claims by mail is considered to apply to jury claims in SMITH AND ZOBEL, MASS. PRACTICE SERIES Vol. 6, p. 160.
There is much history and sound policy behind the majority’s decision. An objective and ascertainable standard for fixing the rights of parties is a necessary element in the administration of justice. However, the precedents need analysis (a) in the light of whether they cover the case of the party who has not himself stumbled procedurally, and (b) whether there is a remedy for unnecessarily harsh results under the Rules of Civil Procedure which affect the time requirements created by statute.
Purcell v. Dutch Enterprises, Inc., Mass. App. Div. Adv. Sh. (1978) 214, is not inconsistent with the position being advanced here. In Webster v. Mann, 269 Mass. 381 (1929), the defendant failed “at all times” in the performance of one of the essential prerequisites to removal for jury trial and was untimely in the performance of another. The decision, it should also be noted, predates the modern rules.
In Perlman v. Kornitsky, 1981 Mass. App. Div. 5, the defendant never attempted to file the fee and documents necessary to appeal and the decision, therefore, does not reach the problem in the instant case.
The appellant argues that in any event the trial court was permitted by Rule 6(b)(2) to enlarge the time within which the acts required of it could be done. In response the court broadly asserts, without citation of authority, that “The Rule is limited to those matters which must be performed within a specified time as set forth in the Rules and does not apply to the removal statute.” Notwithstanding the apparent limitation in the words of the Rule, the Supreme Judicial Court has given effect to the discretionary power of a court, acting under Rule 6(b)(2), to enlarge the time for performing an act beyond that required by statute. See Goldstein v. Barron, 382 Mass. 181, 185-186 (1980). The court makes the point “Although the rule is not applicable by its terms, it should be applied by analogy, as its Federal counterpart has been” (at p. 186). The court also takes pains to point out the special situation that exists when the defendant, as here, is not at fault or delay occurs “through other casualty.” The Appeals Court has recognized the same policy to avoid a loss of the right to sue that would be “manifestly unjust” when the delay resulted from the non-action of a clerk. See Hanley v. Polanzak, 8 Mass. App. Ct. 270, 274 (1979);[3] Saltus v. Abruzzese, 1981 Mass. App. Div. 22. See also Bogdanowicz v. D.D.E.S., 341 Mass. 331, 332 (1960). The majority sees the court’s power as limited by the Rule. However, the Reporter’s Notes say “Rule 6(b) does not change Massachusetts practice. The power of the courts in Massachusetts to allow extension of time applies also to permission for late filing.” In Hall v. Opacki, 1 Mass. App. Ct. 58 (1973), the court suggests that relief should be available where “a party has lost an otherwise viable appeal as the result of understandable mistake,...” (at p. 61). Griffin v. Powers, 1 Mass. App. Ct. 846 (1973), although apparently contrary, turns on the failure of the appealing party to act to claim a retransfer within the mandated ten days.
In its recent discussion of the importance of strict adherence to procedural rules, the Appeals Court carefully excepted those situations “where a party suffers from a handicap which prevents or delays compliance with the rules, e .g. a prisoner unable to respond within time limits.” U.S. Trust Co. v. Kennedy, 17 Mass. App. Ct. 131, 136 (1983). (See also p. 134 where the opinion treats inconsistencies between the statutes and the rules of civil procedure.)
The majoritysuggests that it was open to the defendant to have sought relief *88 under Rule 60. See Coen Marine Equipment, Inc. v. Kurker, 1983 Mass. App. Div. 221, 222; see also Chavoor v. Lewis, Mass. Adv. Sh. (1981) 1467, 1472. The majority understandably expresses no concern that such remedial action is limited to procedural defects under the Rules but recognizes that relief may be afforded, where otherwise justifiable, from statutory strictures as well as from requirements of the rules.
Accordingly, I would at the very least remand the case to the trial court to afford the defendant an opportunity, pursuant to Rule 15(b), to amend his motion to refer directly to the relief that, on this record he clearly sought, namely relief from the adverse consequences resulting from errors of the post office. It would be even more consonant both with judicial efficiency and fundamental fairness to follow the example in King v. Allen, 9 Mass. App. Ct. 821 (1980). There the court held that a trial judge had discretion to allow a late filed motion to amend ajudgment as one susceptible to treatment as a motion for relief from judgment under Mass. R. Civ. P. 60(b)(6). The court concluded that the motion appears to have been so treated by the judge.

If the issue before us was the literal one presented in the Report, namely “that there is no discretion to ... order the late filing of a claim of jury trial,” I would be hard put to dissent, but the actual issue is whether or not the defendant acted so as to lose its right to a jury trial.

Especially under the new Rules, the precise reach of which have not yet been authoritatively defined, it seems that clerks' offices ought n'ot to return papers or fees “In Hand” on a determination of untimeliness made without hearing by an individual not identified on the docket who may or may not be qualified or authorized to make such decisions. When the Rules contemplate such determinations to be made in this way they expressly say so. See, for example, Uniform Rule of Summary Process, 10(d)(iii), dealing with a clerk’s duty to review papers before entering judgment. Webster v. Mann, 269 Mass. 381, 384 (1929), involved a situation where an independent judgment, approval of a bond, was required of a clerk and to that extent is distinguishable.

At footnote 11, p. 275, the court leaves open the situation where the clerk mails a notice which is not received. See also the question left open in DaLomba v. D.D.E.S., 369 Mass. 92, 97 (1975).