WESTLEY P. BARRY & another *vs.* HERBERT L. CONNOLLY. December 23, 1985. *Practice, Civil,* Appellate Division: appeal, report.

The plaintiffs appeal from a determination by the Appellate Division of the District Courts dismissing a report by a District Court judge. The Appellate Division concluded that the plaintiffs' motion to extend the time to file a request for a report and a draft report was not timely filed. We agree. We affirm the order of the Appellate Division.

The plaintiffs commenced this action in the Superior Court on March 9, 1982, seeking recovery of a $15,000 deposit pursuant to a purchase and sale agreement. By agreement of the parties, the case was transferred to the District Court on August 1, 1983. Judgment for the defendant was entered on July 5, 1984, and copies of the court's findings, rulings, and order for judgment and the judgment were mailed on that day, postage prepaid, to the attorneys of record. See Dist. Mun. Cts. R. Civ. P. 77(d) (1975).

On July 26, 1984, at 4:45 P.M., the plaintiffs' draft report was delivered by messenger to the courthouse together with a motion to extend the time for filing a request for a report and a draft report. The courthouse was physically open but the clerk had left for the day. The messenger left the papers with the custodian who brought them to the clerk's office the next day. Accordingly, the motion was stamped and docketed as being filed on July 27, 1984.

On September 21, 1984, the District Court judge heard the motion to extend the time for filing. The only evidence presented in support of the motion was the affidavit of the plaintiffs' counsel. The affidavit stated that the notice containing the findings, rulings, and order for judgment and the judgment was not delivered to the attorney's office until Saturday, July 14, 1984, and he did not actually see these materials until Monday, July 16, 1984.[1] As a result of this delay, he did not have sufficient time to analyze the findings, rulings, and order accompanying the judgment or to prepare and file the draft report before July 26.

On October 19, 1984, the judge denied the motion to extend on two grounds: (1) Dist. Mun. Cts. R. Civ. P. 64 (1975) does not allow further dis-

[1] The last day of the first ten-day period fell on a Sunday, July 15, 1984. Hence, the plaintiff had until Monday, July 16, 1984, to file the draft report or a motion for extension of time to do so.

cretionary extension beyond July 26, which was twenty days after the entry of judgment; and (2) there was no excusable neglect. The plaintiffs timely filed a report challenging these rulings. The Appellate Division ordered the report dismissed.[2]

A request for a report and a draft report must be filed within ten days of entry of judgment. Dist. Mun. Cts. R. Civ. P. 64 (c)(1)(i & ii) (1975). See also Dist. Mun. Cts. R. Civ. P. 77 (d) (1975). The judge has discretion under rule 64 (c)(1)(i & ii) to permit an extension for another ten-day period, but no longer, on a showing of excusable neglect. "[T]he maximum allowable time permitted in rule 64 (c) is twenty days from the entry of judgment, [therefore,] the trial judge had no authority to grant an extension of time, or to allow a request for a report, or to allow a draft report, filed . . . [twenty-one] days after entry of judgment." *Locke* v. *Slater,* 387 Mass. 682, 686 (1982). In this case, the draft report and the motions to extend the time for filing were filed beyond the maximum allowable period.

The plaintiffs argue that the delivery to the custodian is sufficient to constitute filing because the court is always deemed open under Dist. Mun. Cts. R. Civ. P. 77(a) (1975). That rule does not dispense with the requirement of delivery to the clerk. It merely authorizes delivery to the proper official after normal business hours. See *Casalduc* v. *Diaz,* 117 F.2d 915 (1st Cir. 1941). See also Dist. Mun. Cts. R. Civ. P. 5 (e) (1975).

The judge also ruled that, assuming he had discretion, there was no basis for concluding that the failure timely to file was due to excusable neglect. That ruling is correct. "A flat mistake of counsel . . . may not justify relief; relief is not extended 'to cover any kind of garden-variety oversight.'" *Goldstein* v. *Barron,* 382 Mass. 181, 186 (1980), quoting *Pasquale* v. *Finch,* 418 F.2d 627, 630 (1st Cir. 1969). See *Feltch* v. *General Rental Co.,* 383 Mass. 603, 614 (1981). "[E]xcusable neglect . . . is not meant to cover the usual excuse that the lawyer is too busy, which can be used, perhaps truthfully, in almost every case." Stern, Changes in the Federal Appellate Rules, 41 F.R.D. 297, 299 (1967).

The order of the Appellate Division is affirmed.

*So ordered.*

*Roy D. Toulan, Jr.,* for the plaintiffs.
*Robert H. Clewell* for the defendant.

---

[2] In their brief the plaintiffs suggest that review by the Appellate Division of error in the judge's determination in the underlying action was required before the case could be retransferred to the Superior Court. See *Henry* v. *Mansfield Beauty Academy, Inc.,* 353 Mass. 507, 508 (1968). As we view the record, there could be no retransfer to the Superior Court because this case was not remanded to the District Court. Rather, the parties agreed to a trial in District Court. Thus, retransfer is not available. Cf. G. L. c. 231, § 102C (1984 ed.). Because there is no possibility of a trial in the Superior Court, the decision of the Appellate Division is final and an appeal to this court is proper. See *The Greenhouse, Inc.* v. *TWA,* 394 Mass. 60 (1985).