Doyle,P.J.
This is an action in contract to recover insurance proceeds covering the theft of an automobile insured with the defendant, and punitive damages for the defendant’s violation of G.L. c.93A. After a finding for the plaintiff in the sum of $12,000.00, the defendant endeavored to remove this action to the Superior Court Department for a jury trial. At issue on this appeal by the plaintiff is the defendant’s compliance with G.L. c.231, § 104 in attempting to effect such removal.
Judgment for the plaintiff was entered on April 17, 1986 and notices were mailed to both parties. Fifteen days later, on May 5,1986, the defendant filed a “Motion to Stay Execution and File Notice of Appeal Late and J ury Claim Late.” In an affidavit attached to said motion, defendant’s counsel stated that he did not receive notice of judgment until May 1, 1986. One Kerry A. Costello, an employee in the law offices of defendant’s counsel, also averred that a copy of the judgment in this case was actually received on May 1, 1986.
On June 4, 1986, the trial court entered the following order allowing the *150 defendant's motion:
Defendant’s Motion to Stay Execution and File Appeal Late— Allowed. Motion was treated as claim of appeal and removal. A bond (or $100.00 in lieu of bond) and $55.00 removal fee must be filed immediately to perfect appeal.
The defendant filed the removal fee and bond in question on June 5, 1986.
1. No question arises as to the timeliness of the defendant’s claim of ajury trial herein. General Laws c. 2:31, §104 states, in relevant part:
A party who would have been entitled to remove the case for trial in the superior court . . . but for the fact that the amount of the claim . . . does not exceed fifteen thousand dollars shall, if he desires trial by the superior court, file an entry fee of fifty dollars and bond within ten days after notice of the decision or finding .. . (emphasis supplied).
The statutory ten day period for removal commences on the date of actual receipt of notice of judgment. Coen Marine Equip., Inc. v. Kurker, 392 Mass. 597, 600 (1984). Based on defendant counsel’s averrment as to actual receipt of notice of judgment on May 1, 1986, the claim for jury trial filed on May 5, 1986 was obviously timely in accordance with the ten day provision of G. L. c.231, § 104.
2. The plaintiffs objection to the removal of this case to the Superior Court Department is directed, however, to’ the inadequacy of the defendant’s May 5, 1986 filing rather than to its timeliness. The exclusive method of obtaining ajury trial as prescribed in G.L. c.231, §104 is the submission of “an entry fee of fifty dollars and bond” within ten days of notice of judgment. Even a seasonable filing of a claim of jury trial which does not include such fee and bond is insufficient to secure the removal of a case to the Superior Court Department. Perlman v. Kornitsky, 1981 Mass. App. Div. 5, 5-6. See also H.K. Webster Co. v. Mann, 269 Mass. 381, 384 (1929).
The statutorily mandated fee and bond were not filed by the defendant until June 5,1986, more than thirty days after defendant counsel’s receipt of notice of judgment. Given the literal construction to be accorded the requirements of G.L. c.231, §104, Coen Marine Equip., Inc. v. Kurker, at 602, the defendant’s failure to submit timely the necessary entry fee and bond constituted a forfeiture of any right to ajury trial in this case. As a District Court judge is not empowered to authorize removal on terms different from those specified in G.L. c. 231, §104, the trial justice’s allowance of the defendant’s motion herein could not excuse the initial omission of, or extend the time for filing, the fee and bond in question. See Griffin v. Powers, 1 Mass. App. Ct. 846, 847 (1973); Johnson v. Danny's Auto Body, Inc., 1984 Mass. App. Div. 83, 85.
3. The trial court’s June 4, 1986 allowance of the defendant’s motion is hereby vacated. The defendant’s “Motion to Stay Execution and File Notice of Appeal Late and Jury Claim Late” is to be denied. So ordered.