Forte, J.
The issue presented by this appeal is whether the defendant, after a judgment adverse to him, properly exercised his right to remove this action to the Superior Court Department
The plaintiffinstituted this action under G.L.c. 255, §§26&27 to recover payment for his repair of the defendant's motor vehicle. Judgment for the plaintiff in the amount of $9,082.00 plus interest and costs was entered on September 21,1988.
On September 29,1988, within ten days of judgment entry, the defendant filed a “Notice of Appeal” which stated: “Defendant James A. Doyle, by and through his counsel, hereby appeals the decision of this Court to the Superior Court.” The report states that this was a notice of appeal pursuant to G.L.c. 231, §97, and the defendant so concedes in his brief.
Approximately one month later, on October 31, 1988, the defendant filed a “Motion for Leave to File Appeal Deposit Late.” The court allowed this motion on November 4,1988, contingent “upon the filing of an appeal bond for costs in the amount of $200.00 and a judgment bond in the amount of $12,500.00.”
On December9,1988, the defendantfiled amotion to reconsider the court's order setting the bond amounts on the grounds that the court “misconstrued the deposit requirements of G.L.c. 231, ss. 97,99.” The court allowed the defendant's motion to reconsider and ruled as follows:
*42 “Motion allowed as this court did misperceive defendant's ‘Notice of Appeal’ as a claim of appeal of a summary process action.[1]
“I now rule that no right of appeal pursuant to Gen. Laws ch. 231, s. 97 lies to an action initiated pursuant to G.L. ch. 255, ss. 25 & 26 and contract claim related thereto in plaintiff [sic] complaint.”[2]
On December 19,1988, the defendant filed a motion to remove the action to the Superior Court pursuant to G.L. c. 231, §104. The court denied this motion on January 24,1989. The defendant now claims to be aggrieved by this ruling.
General Laws c. 231, §104 permits a party against whom a claim for $25,000.00 or less is filed[3] to remove the action to the superior court for trial by jury upon the filing of “an entry fee of fifty dollars and bond within 30 days after notice of the decision or finding” of the district court. The prerequisites for removal set forth in Section 104 are mandatory, and the statute is to be literally construed. Coen Marine Equip., Inc. v. Kurker, 392 Mass. 597, 602 (1984). Failure to make a timely claimfor jury trial or to file the necessary entry fee and bond constitutes a forfeiture of any right to remove an action to the superior court. H.K. Webster Co. v. Mann, 269 Mass. 381, 384 (1929).
The defendant's December 19,1988 motion to remove this action was clearly untimely as it was filed eighty-nine days, rather than thirty days, after notice of the trial court's decision. There is no merit to the defendant's contention that he did not receive actual notice of the court's finding until October 25,1988 when plaintiffs counsel forwarded a copy of the execution.[4]The defendant's September 29,1988 filing of a “Notice of Appeal” clearly establishes that the defendant had notice of the trial court's decision against him eight days or less after the entry of judgment.
The defendant's efforts to secure removal are not, in any event, aided by his curious claim of receiving no notice prior to October 25, 1988. Nor would the defendant be entitled to removal if, as the defendant urges, we were to treat his September 29, 1988 “Notice of Appeal” as a timely G.L.c. 231, §104 request for removal. The reason is that the defendant's non-compliance with G.L. c. 231, §104 was not limited to the late filing of his request for removal; the defendant also failed to file the requisite entry fee and bond within 30 days of notice of decision as mandated by the statute. Even a timely claim of jury trial, without more, is insufficientto effect a statutoiy removal. The defendant's failure to submitthe entry fee and bond required by G.L. c. 231, §104 constituted a fatal non-compliance with the statute resulting in a loss of any right to remove this case to the Superior Court Department. Molesworth v. Municipal Court of City of Boston, 364 Mass. 830 (1973); H. K. Webster Co. v. Mann, supra at 384; Bohnwagner v. Sentry Indemnity Co., 1986 Mass. App. Div. 149, 150[5]
There being no error, the trial court's denial of the defendant's December 19, 1988 motion to remove this action to the superior court is sustained.
Report dismissed.

 Appeals in summary process actions are governed by G.L. c. 239, §5.

 General Laws c. 231, §97 grants a right of appeal to die superior court only in those district court civil actions “which couldnothavebeen removed to the superior court..."Theinstant case was subject to G.L.c. 231, §104 removal because it was commenced pursuant to G.L.C. 255, §26 which confers concurrent jurisdiction upon the district and superior courts.

 The report to which we are confined, Tranfaglia, Tr. v. Security Nat'l Bank, 53 Mass. App. Dec. 25 (1973), does not indicate the amount of the original claim against the defendant However, both the nature of such claim and the amount of the trial court's judgment suggest that the plaintiff's complaint sought damages in an amount less than $25,000.00. Further, counsel for both parties have confined their arguments to that portion of Section 104 pertaining to removal 30 days after district court finding for claims not exceeding $25,000.00. Had the original claim against the defendant exceeded $25,000.00, he would have forfeited his right to remove this action by foiling to request such removal within 25 days of service of the claim.

 Issuance of an execution does not appear on the docket.

 It is unnecessary to consider in any detail the defendant's remaining arguments as to the timeliness of his requestforremoval. We note only that, contrary to the defendant's contentions, post-judgmentmotions do not extend the 30 day statutory removal period. Coen Marine Equip., Inc. v. Kurker, supra at 180. Similarly, a district court trial justice is not authorized to extend the statutory period. Barry v. Connolly, 396 Mass. 1007 (1985).