Sherman, P.J.
This is the defendants’ appeal of the dismissal of their counterclaim which requested a de novo judicial appeal of an arbitration decision in favor of the plaintiff-contractor.
This matter originated with the parties’ 1992 execution of a written contract for the plaintiff’s construction of a $126,000.00 addition to the defendants’ home. Article 7.1 of the contract provided that all claims and disputes “shall be decided by arbitration ... unless the parties mutually agree otherwise.” Addendum “C” to the contract stated that contract disputes “will be submitted to a private arbitration service which has been approved by the Secretary of the Executive Office of Consumer Affairs and Business Regulations and the consumer shall be required to submit to such arbitration as provided in M.G.L.c. 142A....”
On May 20,1993, the plaintiff filed in the Newton Division of the District Court Department a complaint seeking $15,031.95 in damages for the defendants’ alleged breach of contract, and a motion for a real estate attachment on the defendants’ home. The plaintiff did not effect, or even attempt, service of process on the defendants, and made no effort at any time to join the issues for trial.
Subsequent to the denial of its attachment motion, the plaintiff instead filed a Request for Arbitration with the American Arbitration Association (“AAA”) in accordance with Article 7.1 of the parties’ home improvement contract. Defendants’ legal counsel filed an appearance and answer on their behalf in the arbitration proceeding. Both the defendants and their attorney also participated in the arbitration hearing which was held at the defendants’ home. The arbitrator found in favor of the plaintiff, and awarded damages and costs in the total amount of $13,652.85. The arbitrator’s decision was mailed on November 19,1993.
The defendants’ answer and counterclaim were received by the trial court on December 13,1993, twenty-four (24) days after the mailing date of the arbitrator’s *194 decision. The defendants alleged, inter alia, that the arbitrator lacked jurisdiction because the parties had elected to resolve their dispute in court, and requested a de novo judicial appeal of the arbitrator’s decision.
The plaintiff thereafter filed motions to dismiss the defendants’ counterclaim and for entry of judgment on the arbitrator’s decision.[2] The court allowed the plaintiff’s motions, ruling that as the defendants had voluntarily submitted to binding arbitration pursuant to the terms of the parties’ contract, and had subsequently failed to comply with the time requirements for requesting an appeal, the arbitrator’s decision was final.
There was no error in either the allowance of the plaintiff’s motion to dismiss the defendants’ counterclaim or in the court’s entry of judgment for the plaintiff on the arbitrator’s decision.
1. Based on undisputed evidence of the defendants’ own conduct, the court properly rejected the defendants’ initial argument that the arbitrator lacked jurisdiction because the parties had mutually agreed to waive arbitration and to proceed judicially.
The defendants executed a written contract which expressly provided for binding arbitration. Pursuant to Rule 47 of the AAA Construction Industry Arbitration Rules governing such arbitration, no judicial proceeding by either party constituted a waiver of that party’s contractual right to arbitration. Thus the filing of a complaint by the plaintiff did not necessarily signify the plaintiff’s waiver of arbitration, or preclude its subsequent request for the same. Further, the defendants were never served in the action, and did not appear voluntarily prior to arbitration. In short, the parties never mutually waived arbitration by proceeding to trial. Tumim v. Palefsky, 7 Mass. App. Ct. 847 (1979).
Even assuming arguendo that the defendants intended to proceed judicially, they voluntarily filed an answer through counsel in the arbitration proceeding and thereafter participated with their attorney in the hearing which was held in their own home. Such conduct, in conjunction with the express terms of the parties’ contract, effectively conferred jurisdiction on the arbitrator.
2. There is also no merit in the defendants’ argument that their request for a de novo judicial appeal of the arbitrator’s decision was timely.
The arbitrator’s decision specifically advised that any party appealing such decision must “file their appeal in a court of competent jurisdiction within 21 days of the mailing date [emphasis supplied]” of the decision. This proviso correctly restated the time requirements set forth in both G.L.c. 142A, §4(e)[3] and 201 CMR 14.7 (4)[4] for a judicial appeal of an arbitration order. The defendants’ counterclaim setting forth their request for an appeal was mailed on the twenty-first day following the arbitrator’s decision, but was received by the trial court on the twenty-fourth day after such decision.
The defendants mistakenly rely on Dist./Mun. Cts. R Civ. R, Rule 5 for the erroneous proposition that as a counterclaim may be filed before service or within a reasonable time thereafter and as service of a counterclaim is complete upon mailing, their mailing of a counterclaim requesting an appeal of the arbitrator’s deci *195 sion on the twenty-first day constituted an effective “filing” within the time requirements in question. It is generally established, however, that when a statute mandates “filing,” the “mailing” of a request for an appeal cannot ordinarily be equated with the “filing” of such appeal. Schulte v. Director of Div. of Employ. Sec., 369 Mass. 74, 78 (1975). The term “filing” instead requires the “placing of the document filed in the official custody of the filing officer.” Hobart-Farrell Plumb. & Heat. v. Klayman, 302 Mass. 508, 509 (1939). Thus the statutory use of the term “filing” has been deemed the manifestation of a clear Legislative intent that a request for a judicial appeal be actually received by the clerk, rather than simply mailed, within the prescribed time period. Garrett v. Director of Div. of Employ. Sec., 394 Mass. 417, 420 (1985). This result is consistent with Dist./Mun. Cts. R. Civ. R, Rule 77 (c) which provides that any paper received in hand or by mail by the clerk “shall be deemed to have been filed as of the date of receipt.” Id. at 420.
As the defendants’ request for an appeal of the arbitrator’s decision was not received by the trial court clerk until three days after the expiration of the prescribed filing period, such request was properly dismissed as untimely.
3. Given the dispositive nature of the defendants’ failure to comply with the 21 day appeal filing requirement, it is unnecessary to address the defendants’ remaining argument that administrative regulation 201 CMR 14.18(1)[5] is invalid because it prescribes an additional seven (7) day notice requirement not imposed by the Legislature as a condition precedent to an arbitration appeal. See generally, as to review of administrative regulations, Druzik v. Board of Health of Haverhill, 324 Mass. 129, 138-139 (1949); Miller v. Labor Relations Comm., 33 Mass. App. Ct. 404, 406-407 (1992).
There being no error, the report is dismissed.
So ordered.

Article 7.1 of the parties’ contract stated: “The award rendered by the arbitrator ... shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.”

Section 4(e) of G.L.c. 142A provides: “A contractor, subcontractor or homeowner may also appeal the decision of an arbitrator for a trial de novo in superior court or district court. Such appeal must be filed within twenty-one days from the issuance of such findings... [emphasis supplied].”

 201 CMR 14.17(4) states: ‘The arbitrator’s decision is final. A dissatisfied party may appeal the decision through a court of competent jurisdiction within 21 days of the mailing date on the decision.”

The Regulation states: “Either party may appeal the arbitrator’s finding within 21 days, but must notify the other party of this decision with seven days after the mailing of the finding.” The defendants failed to issue a seven day notice to the plaintiff.