Furnari, J.
This is an appeal by defendant W.W. Babcock Company, Inc. of the trial court’s denial of its late request for a G.L.c. 231, §102C retransfer of this case to the Superior Court.
The underlying action sought damages for injuries sustained by the plaintiff in consequence of the defendant’s alleged negligence and breach of warranty in the manufacture of a defective wooden stepladder. The action was commenced in the Essex Superior Court and transferred for trial to the District Court Department.
A finding for the plaintiff in the total amount of $13,311.00 was entered on April 29,1994, and notice thereof was issued to both parties on the same date.
Defendant’s counsel received a copy of such notice on May 2, 1994. Two days later, on May 4, 1994, counsel mailed defendant’s G.L.c. 231, §102C request for retransfer to the Civil Clerk’s office of the Lawrence Division of the District Court Department by certified mail, postage prepaid, return receipt requested.[2] A copy of the defendant’s §102C request was also sent on May 4, 1994 by regular mail to the plaintiff’s attorney in New Hampshire who received such copy on May 6,1994.
The U.S. Postal Service did not deliver the defendant’s retransfer request to the Civil Clerk’s Office until May 18,1994, six days after the expiration of the ten day filing period mandated by G.L.c. 231, §102C.
After being advised that its retransfer request was filed late, the defendant submitted a motion for retransfer on May 26, 1994, which was denied after hearing.
Section 102C of G.L.c. 231 provides, in relevant part, that a “request for transfer ... shall be filed with the clerk of said district court within ten days after notice of the finding or decision.” The statutory use of the term “filed” indicates that the mere mailing of a retransfer request within the prescribed time is insufficient. A retransfer request is effective only when “filed” or actually received by the trial court clerk within the requisite ten days. See Garrett v. Director of the Div. of Employ. Sec., 394 Mass. 417, 420 (1985); Masterpiece Kitchen & Bath, Inc. v. Gordon, 1994 Mass. App. Div. *218 193,194.[3]
It is undisputed that the defendant’s retransfer request was received by the trial court clerk and thus “filed” after the expiration of the statutory period. The defendant argues, however, that the delay in filing its retransfer request was attributable solely to the U.S. Postal Service, that its reliance on such Service in filing its §102C request was reasonable given the legal presumption accorded the regularity of the mails in this Commonwealth, and that the plaintiff has not been prejudiced by any delay in view of her receipt of a copy of the defendant’s retransfer request on May 6,1994. The defendant further contends that under these circumstances, the trial court should have exercised its “discretion” to extend the G.L.c. 231, §102C filing period to preserve the defendant’s right to a jury trial in the Superior Court.
The defendant relies on Croteau v. Swansea Lounge, Inc., 402 Mass. 419 (1988) and Goldstein v. Barron, 382 Mass. 181 (1980) in which Mass. R Civ. P., Rule 6(b) was applied “by analogy” to enlarge statutory time periods for taking “interstitial stepfs]” in the procedural progression of those actions. Id. at 816 n.12. But cf., e.g., Attorney General v. Department of Pub. Util., 390 Mass. 208, 212 (1983). Unfortunately, the defendant has advanced no authority for the existence of any district court judicial discretion to extend the statutory time periods for removal or retransfer of cases to the Superior Court.
The provisions of G.L.c. 231, §§102C-104 have instead been held to be mandatory and subject to a literal construction and application. Coen Marine Equip., Inc. v. Kurker, 392 Mass. 597, 602 (1984). With respect to removal, the power of the district court is “strictly confined” to permitting removal upon the terms specified in G.L.c. 231, §104. H.K. Webster Co. v. Mann, 269 Mass. 381, 384 (1929). See also, Bohnwagner v. Sentry Indemnity Co., 1986 Mass. App. Div. 149, 150; Davis v. Bennett, 1982 Mass. App. Div. 41. Under G.L.c. 231, §102C, “a district court ha[s] no authority” to permit retransfer after the expiration of the ten day statutory period. Griffin v. Powers, 1 Mass. App. Ct. 846, 847 (1973). See also, Whitby v. Denno, 1982 Mass. App. Div. 187; Brandywine v. Kardon, 32 Mass. App. Dec. 86, 92-93 (1965).
There being no error, the report is dismissed.

re defendant did not produce either the certified mail receipt, showing the date the request was mailed, or the return receipt evidencing the date of actual delivery. Production of proof of mailing would not, however, have changed this decision.

 Because the statute mandates “filing” within ten days, cases dealing with various Rules of Civil Procedure time periods in which a party must “move” for specific relief or must “serve” a motion are inapplicable herein. See, e.g., Russell v. Pride Convenience Inc., 37 Mass. App. Ct. 502 (1994) (Because Rule 50(b) provides that a party must “move” for judgment notwithstanding the verdict within ten days of such judgment and because service by mail is complete upon mailing under Rule 5(b), a Rule 50(b) motion mailed to opposing counsel on the tenth day and received by the trial court on the eleventh day after judgment was timely); Albano v. Bonanza Internat’l Develop. Co., 5 Mass. App. Ct. 692 (1977) (As Rule 59(b) requires that a new trial motion must be “served” within ten days after judgment, motion served within ten day period and filed in court within reasonable time thereafter was timely).