Gelinas. J.
We are asked to review a trial judge’s decision denying plaintiff Tony Vahedi’s motion to revoke removal of consolidated cases to Superior Court after trial and judgment in the District Court. We rule that, the time period having expired for filing “an entry fee and bond within ten days after notice of the decision or finding (of the District Court)” the District Court decisions and judgments in both matters must stand. The judge’s decision to deny plaintiff Vahedi’s motion to revoke removal from District Court in both civil actions is vacated and, the defendants having failed to timely perfect their removal to Superior Court, the judgments entered in both cases are to stand.
The history of the consolidated cases is as follows:
On September 15, 1993, plaintiff Tony Vahedi, the operator of a taxi, filed civil action #93C-2338 in the Springfield District Court The suit was a claim for personal injury arising out of a motor vehicle accident against defendants James and Carol Talbot and Miiddlesex Insurance Company. Damages were sought in the amount of $30,000.00. Plaintiff claimed trial by jury pursuant to M.G.LAc. 231, §103. On November 9,1993 defendants James and Carol Talbot filed a “motion to remove to Superior Court late;” the motion was allowed but the necessary filing fee was not then paid.
On December 6, 1994, the owner of the taxi, plaintiff Shamo, Inc., filed Civil Action #940-2785 in the Springfield District Court, a property damage suit against the same defendants as in civil action #9302338. Damages were sought in the amount of $6,250.00.
In both actions Middlesex Insurance Company filed a motion to stay: the motions were assented to and allowed by the Court.
Defendants James and Carol Talbot filed a third party complaint against Tony Vahedi on February 2,1995 in civil action #9402785.
Vahedi, plaintiff in civil action #9302338 and third-party defendant in civil action #9402785, moved to consolidate both cases. With the assent of all parties the motion was allowed by the court on April 24,1995. A pre-trial conference was held on June 26,1995 and the consolidated cases were assigned a trial date of August 1, 1995.
On July 3, 1995 defendants James and Carol Talbot and Middlesex Insurance Company filed the removal fee in connection with their allowed motion to remove late in civil action #93C-2338. On July 6, 1995 a judge ordered the removal fee returned with the notation “Removal fee for claim of late removal filed too late. Claim for jury trial deemed waived.” On July 20, 1995, defendants filed notice of *36 appeal to the Appellate Division on the judge’s action in refusing to accept the removal fee.
On August 1,1995 the consolidated cases were tried. On August 7,1995 defendants in civil action #93C-2338 gave notice that they would proceed under Dist./ Mun. Cts. RA.D A, Rule 8(c) on their appeal of the judge’s refusal, on July 6,1995, to accept the fee. On August 18, 1995 judgments entered in favor of the plaintiff Vahedi in civil action #930-2338, plaintiff Shamo, Inc. in civil action #940-2785 and third party defendant Vahedi in civil action #940-2785. The counts against defendant Middlesex Insurance Company in both cases continued to be reserved.
On August 23,1995 defendants James and Carol Talbot filed a “notice of appeal” to the Superior Court pursuant to M.G.LAc. 231, §104 in both civil actions. The District Court clerk’s office refused to transfer the cases to the Superior Court until the defendants withdrew their July 20,1995 appeal to the Appellate Division on the refusal to accept the removal fee. On September 11, 1995, the defendants filed a “notice of withdrawal of appeal” on that issue. On September 14,1995, the District Court transferred both cases to the Superior Court; the cases were returned by the Superior Court on September 18, 1995 as the filing fee was less than required. The additional amount was paid to the District Court clerk’s office on October 2, 1996 prior to which, on September 29, 1995, plaintiff Vahedi filed a “motion to revoke removal from the District Court;” this motion was denied on October 24, 1995. Plaintiff Vahedi then filed his notice of appeal to the Appellate Division of this ruling on October 31,1995.
Athough the defendants in civil action #9302338 attempted to remove the action to the Superior Court prior to trial under the provisions of M.G.LAc. 231, §104, and had been permitted to do so late, they failed to file the appropriate filing fee and a District Court judge determined that their right of removal had been waived. The defendants in that action, after having filed notice of appeal of this ruling, withdrew that appeal. The defendants then failed to “file an entry fee... within thirty days after notice of the decision or finding,” M.G.LAc. 231, §104, and the Superior Court properly rejected the transfer. Failure to submit timely the necessary entry fee and bond pursuant to M.G.LAc. 231, §104 constitutes a forfeiture of any right to remove the case for a jury trial in Superior Court, Bohnwagner v. Sentry Indemnity Co., 1986 Mass. App. Div. 149. A trial judge has no discretion to grant an extension of time for claiming a jury trial in Superior Court, Perlman v. Kornitsky, 1981 Mass. App. Div. 41, Johnson v. Danny’s Auto Body, Inc., 1984 Mass. App. Div. 83.
Defendants are further precluded from removing civil action #93C-2883 after trial in the District Court as the ad damnum of that matter was in excess of Twenty-Five Thousand Dollars. M.G.LA.c. 231, §104 permits a responding party to remove a suit to the Superior Court provided that the amount of any claim, counterclaim or crossclaim exceeds $25,000.; upon claim of removal and the payment of certain fees the clerk is then to “forthwith transmit the papers and entry fee to the clerk of the superior court and the same shall proceed as though then originally entered there.” A party may obtain re-trial of a case in Superior Court after determination of the matter in District Court only if they are a party “who would have been entitled to remove the case for trial in the Superior Court as herein above provided but for the fact that the amount of the claim, counter-claim or cross-claim, as the case may be, does not exceed $25,000.” In this case, the plaintiff’s complaint clearly sought damages in the amount of $30,000., an amount in excess of the M.G.LAc. 231, §104 removal threshold, precluding defendants from exercising a request for trial by jury after a District Court trial under the provisions of the second paragraph of M.G.LA, §104. See Costa v. Cape Tip Investments, Inc., et al., 625 N.E.2d 573.
Defendants further claim that allowance of the motion to consolidate “fused” the *37 cases so that their independence as separate actions ended and therefore because they have the right of removal to Superior Court after trial in civil action #94C-2785, the claim for damages being less that the statutory removal threshold and thus no removal opportunity being available before trial, the entire matter as fused is governed by that provision of M.G.LAc. 231, §104 which permits removal after trial, as one of the “fused” cases did have right of removal subsequent to determination in the District Court.
It is clear from the record, the trial judge’s findings and the court’s judgment that the cases were not fused but simply tried together and adjudicated according to the second of the three types of consolidation set forth in Lumiansky v. Tessier, 99 N.E. 1051. The trial judge made extensive findings of fact on a document that bore both case numbers, identifying each as a consolidated case. The trial judge additionally entered separate ultimate findings, one each for each of the civil actions. The clerk of the District Court then entered separate judgments, one each for each of the civil actions. The consolidation clearly involved an inquiry into the same event as to its general aspects, and that “each record is that of an independent suit, except insofar as the evidence and one is by order of the court treated as evidence in both. The consolidation does not change... the rights of the parties, as those rights must still turn on the pleadings, proofs and proceedings in their respective suits.” Lumiansky v. Tessier, supra.
The decision of the District Court denying the motion to revoke removal of the consolidated cases to Superior Court is vacated and the judgments entered by the District Court are affirmed.