Sherman, P.J.
This is a Dist./Mun. Cts. R. A. D. A, Rule 8A appeal by the defendant of the allowance of the plaintiffs request for late removal of this action to the Superior Court Department pursuant to G.L.c. 231, §104.
The relevant procedural chronology is undisputed. By complaint and demand for jury trial filed on November 14,1994, the plaintiff commenced this motor vehicle tort action to recover $20,000.00 in damages for personal injuries she sustained. After trial, the court made a finding for the defendant on December 14, 1995. Judgment was entered on December 21,1995, and notice issued.
On January 11,1996, the plaintiff filed a timely request for removal and entry fee, but failed to post or file the bond required by G.L.c. 231, §104.
Sixteen months later, on May 15,1997, the plaintiff filed a “Motion to File Late Notice and Remove to the Superior Court” in which she acknowledged that there was no explanation for her failure to have filed the bond within the statutorily prescribed time. The defendant submitted written opposition. After hearing, the motion was allowed.
The sole question presented for review is whether it was within the motion judge’s discretion to permit the plaintiff to file the necessary bond and remove the action to the Superior Court almost sixteen months after the expiration of the time mandated by G.L.c. 231, §104. The answer is no.
To secure a statutory removal of this action, the plaintiff was obligated to file a request for removal, entry fee and bond within thirty days of notice of the District Court’s decision or finding. The requirements of G.L.c. 231, §104, including the specified time limitation, are mandatory, and a failure to comply strictly constitutes a forfeiture of any right to a Superior Court jury trial as a matter of law. Coen Marine Equip., Inc. v. Kurker, 392 Mass. 597, 602-603 (1984); Farese v. Segal, 1990 Mass. App. Div. 196, 198; Perlman v. Kornitsky, 1981 Mass. App. Div. 5. For this reason, a trial court is not empowered to extend the thirty day statutory period to permit late removal. Newman v. Brennan, 1988 Mass. App. Div. 36, 37, aff’d 27 Mass. App. Ct. 1104 (1989); Davis v. Bennett, 1982 Mass. App. Div. 41. See also, Griffin v. Powers, 1 Mass. App. Ct. 846, 847 (1973).
There is no merit to the plaintiff’s contention that because her request for removal and entry fee were filed timely, it was within the motion judge’s discretion to permit the plaintiff to perfect removal by filing the bond late. It is established that, with respect to removal, the authority of a District Court judge is “strictly confined” to permitting removal upon the terms specified in the stat *70 ute. H. K. Webster Co. v. Mann, 269 Mass. 381, 384 (1929);[1] Barrett v. Lynn Ladder & Scaffolding Co., 1994 Mass. App. Div. 217, 218. As the failure to satisfy any one of the statutory prerequisites is fatal to a party’s removal efforts, Orasz v. Colonial Tavern, Inc., 365 Mass. 131, 136 (1974), the plaintiffs failure to file the required bond within the prescribed thirty day period terminated her statutory removal rights irrespective of her timely submission of an entry fee and request for removal. H. K. Webster Co. v. Mann, supra at 384; Vahedi v. Talbot, 1997 Mass. App. Div. 35, 36; Bigelow Auto Body, Inc. v. Doyle, 1990 Mass. App. Div. 41, 42. Thus the judge’s allowance of the plaintiff’s motion could not “excuse the initial omission of, or extend the time for filing, the ... bond in question.” Bohnwagner v. Sentry Indem. Co., 1986 Mass. App. Div. 149, 150.
Accordingly, the allowance of the plaintiff’s motion for late filing of the bond and removal to the Superior Court is hereby reversed.
So ordered.

 The plaintiff’s argument appears to be based on a misreading of H. K. Webster v. Mann, 269 Mass. 381 (1929). The only reference therein to discretion is that, which a judge may exercise under G.L.c. 231, §107 to dispense, upon petition and for good cause shown, with a bond in specified cases. H. K. Webster is clear, however, that a trial court is not authorized to alter or eliminate the statutory requirements for removal mandated by G.L.C. 231, §104.