Wire & Textile Machinery, Inc. *vs*. John V. Robinson.

Middlesex. January 4, 1955. — March 31, 1955.

Present: Qua, C.J., Lummus, Wilkins, Spalding, & Counihan, JJ.

*Deceit.*

Under the law of New York, a finding for the plaintiff in an action of tort for deceit by a conditional vendor of machinery against the president of the vendee corporation was warranted by evidence that for the purposes of the conditional sale contract the defendant represented to the plaintiff as of his own knowledge that the place of business of the corporation was in a certain city, that in fact its place of business was in an adjoining town, that the plaintiff relied on the representation and recorded the contract in the city instead of the town, where it should have been recorded, and that the plaintiff suffered damage through loss of his security title to the machinery for want of proper recording of the contract; it was not necessary for the plaintiff to prove also that the defendant knew that his representation was false.

Bill in equity, filed in the Superior Court on January 24, 1950.

A motion by the plaintiff to amend the suit into an action at law was allowed and the action was heard by Goldberg, J., without jury.

*John E. Leggat*, for the defendant.
*John A. McNiff*, for the plaintiff.

Spalding, J. The declaration in this action of tort contains two counts, the first for fraud and deceit, and the

second for negligent misrepresentation. The judge found for the plaintiff on the first count and for the defendant on the second. The case comes here on the defendant's exceptions to several rulings of the judge.

The principal question for decision arises from the denial of the defendant's motion at the close of the evidence for "a directed verdict," and from the denial of his second request that "The evidence is insufficient to sustain plaintiff's allegation of fraud and deceit contained in count 1 of its declaration." The motion for a "directed verdict" was inappropriate in a nonjury case but we treat it as raising the question, as does the defendant's second request, that the evidence did not warrant a finding for the plaintiff. *Staples v. Collins*, 321 Mass. 449, 451.

We summarize the evidence as follows: The plaintiff was a Rhode Island corporation. The defendant was president of Mohawk Wire Co., Inc., hereinafter called Mohawk, a New York corporation. On February 16, 1948, as a result of negotiations between the defendant on behalf of Mohawk and one Kenner, the president of the plaintiff, a conditional sale agreement was executed by the plaintiff and Mohawk. By the terms of the agreement the plaintiff sold certain machinery to Mohawk for $6,000, of which $1,000 was paid at the time the agreement was executed. The balance of $5,000 was to be paid in twelve equal monthly instalments. Title to the machinery was to remain in the plaintiff until the entire purchase price was paid.

Prior to the execution of the agreement Kenner talked with the defendant by telephone and asked him "for the address of Mohawk for shipping purposes and for use in the conditional sales contract." The defendant gave the address as "Court Street Road, Syracuse," New York. The defendant had frequently sold machinery under conditional sale agreements and knew that in some States such agreements must be recorded. He knew that the plaintiff was looking to the agreement for security and assumed that it would be recorded. Kenner gave Mohawk's address, which had been furnished to him by the defendant, to the plain-

tiff's attorney in Rhode Island who was instructed to draw up the agreement. The agreement when prepared was sent by the attorney to the defendant who executed it on behalf of Mohawk. In the letter which accompanied the agreement it was stated that the agreement would be recorded in Syracuse. Under paragraph 4 of the agreement Mohawk agreed to keep the machinery "at its plant in Syracuse" unless the plaintiff consented to its removal.

When the agreement was executed the plaintiff's attorney sent it to an attorney in Glens Falls, New York, with instructions to record it. The address of Mohawk furnished by the Rhode Island attorney to the New York attorney was "Court Street Road, Syracuse, New York." The latter recorded the agreement in the county clerk's office in Syracuse which was proper if Mohawk's place of business was in Syracuse. In fact Mohawk's plant was not in Syracuse but in Salina, a town adjacent to Syracuse.

On March 12, 1948, an involuntary petition in bankruptcy was filed against Mohawk in the United States District Court for the Northern District of New York. The referee in bankruptcy ruled that the conditional sale agreement between the plaintiff and Mohawk was void because it was not recorded in accordance with New York law in the office of the town clerk of Salina where Mohawk's place of business was.[1] As a result of this ruling the plaintiff lost its security under the agreement and the machinery became the property of the trustee in bankruptcy for the benefit of the bankrupt's general creditors. The amount received by the plaintiff on its proof of claim was $425, so that the loss sustained by it was $4,575.

The facts found by the judge were substantially in accordance with the evidence recited above. He also found that the plaintiff relied on the defendant's statement to Kenner that Mohawk's address was in Syracuse and that the plaintiff did not know and had no reason to suspect that

---

[1] Under § 66 of the Personal Property Law of New York a conditional sale contract must be recorded in the city or town "in which the buyer resides." See § 65. And see also *White* v. *Steinman*, 120 Fed. (2d) 799 (C. C. A. 2); *Empire State Chair Co. Inc.* v. *Beldock*, 140 Fed. (2d) 587 (C. C. A. 2).

Mohawk's plant was actually in Salina. Finding that the "plaintiff sustained a loss as a result of the defendant's . . . deceit" of $4,575, the judge ordered judgment for the plaintiff in that amount plus interest from May 12, 1950.

The judge ruled that the rights of the parties are governed by the law of New York. This ruling was not challenged and both parties have argued the case in this court on that footing. We shall deal with it accordingly.

The defendant argues that the plaintiff has not made out a case because the evidence would not warrant a finding that his representations were consciously false. It is true that the evidence does not show that the defendant knowingly stated what was false. On the contrary such evidence as there was on that issue tends in the opposite direction. The defendant testified that he was executive vice-president of a corporation which had its principal place of business in Brooklyn, New York, and visited the Mohawk plant only once or twice a month; that the post office address of Mohawk had always been Syracuse; that Syracuse had always been designated for freight and other shipments; that he had never heard of Salina until the conditional sale agreement was questioned in the bankruptcy court; and that the street on which Mohawk's plant is located runs into the downtown section of Syracuse and is called Court Street Road in Salina and Court Street in Syracuse. This testimony, of course, might be disbelieved but such disbelief would not establish scienter.

But proof that the representations were consciously fraudulent was not essential to the plaintiff's case. The rule deducible from the New York decisions is that a representation made as of one's own knowledge when knowledge there is none, a reckless misstatement, or an opinion based on grounds so flimsy as to lead to the conclusion that there was no genuine belief in its truth, are all sufficient upon which to base liability for deceit. *Ultramares Corp.* v. *Touche,* 255 N. Y. 170. *State Street Trust Co.* v. *Ernst,* 278 N. Y. 104. There is, to be sure, language in *Kountze* v. *Kennedy,* 147 N. Y. 124, at page 129, which out of context

would appear to lay down a different rule, but, as the court later pointed out in the *Ultramares Corp.* and *State Street Trust Co.* cases, the decision in the *Kountze* case is not at variance with the rule stated above. Tested by these principles we are of opinion that the evidence was sufficient to warrant a finding for the plaintiff on the count for deceit. The judge could have found that when the defendant made the representation to Kenner he was making a statement of fact of his own knowledge concerning a matter that was susceptible of knowledge with the intention that it would be used in connection with the drafting and recording of the conditional sale agreement. In fact the statement was not true. The evidence amply warranted a finding that the defendant had never ascertained and did not know the location of Mohawk. Despite what he believed, he ran the risk of liability for deceit if he did not know and spoke as if he did. Giving the appearance of knowledge where there is none, without heed to the consequences, would, as we read the New York decisions, support a finding for deceit.

As stated above the judge found that the plaintiff relied on the defendant's representation concerning Mohawk's address. The defendant's third, fourth, fifth, and sixth requests, all of which were denied, in effect asked the judge to rule that the evidence would not warrant a finding of reliance by the plaintiff. These requests were rightly denied. We are of opinion that the issue of reliance was one of fact for the trial judge and that it could not be said as matter of law that the plaintiff did not rely on the representation. The facts that the agreement was drawn by the plaintiff's Rhode Island attorney and forwarded to the attorney in Glens Falls for recording were circumstances to be considered on the issue of reliance but they did not require a finding that the plaintiff relied on the attorneys rather than on the representation of the defendant.

*Exceptions overruled.*