*Western District*
No. 196043

**PETER MORVILLE**

**v.**

**LEONARD L. VILLEMAIRE**

Argued: Nov. 23, 1970 Decided: Nov. 30, 1970

*Present:* Garvey, P.J., Allen, & Sloan, JJ.

Case tried to *Walsh, J.* in the District Court of Springfield No. 196043.

**Allen, J.** In this action of contract the plaintiff seeks to recover the agreed price for stamps assembled by him on order of the defendant, who refused to accept them. The plaintiff from California and the defendant from Monson, Massachusetts, were stamp dealers and members of the American Stamp Dealers Association.

There was a finding for the defendant, and the plaintiff claimed this report. In our opinion there was prejudicial error.

The plaintiff duly filed requests for rulings of law. Since the judge's denial of plaintiff's request #9 is dispositive of this case, we do not consider the others. It reads:

"Upon all evidence a finding for the plaintiff is required on the following grounds:

(a) a firm order was placed by defendant Villemaire with plaintiff Morville for 1,000 x 630 World Wide selection of stamps at a price of 30¢ per 100 stamps or $1,890.00 by letter of April 8, 1967.

(b) the order was accepted by plaintiff, and plaintiff began to assemble the stamps to fill it.

(c) plaintiff warned defendant by letter of March 27, 1967 before the order was placed that it would have to be a firm order.

(d) the order was filled by plaintiff and delivery made.

(e) delivery was rejected by defendant after the stamps were sent to him."

The judge denied the request as immaterial, and made the following Special Finding of Facts:

"This is an action of contract brought by the plaintiff, a stamp dealer from California,

against the defendant, a stamp dealer in Monson, Massachusetts, for payment of a shipment of stamps sent by the plaintiff and refused by the defendant.

"After hearing all the evidence, I find the following facts: Following some correspondence, the defendant placed an order for the shipment of some stamps with the plaintiff. Prior to assembling the order and some three weeks before the stamps were shipped, the defendant sent the plaintiff a letter of cancellation.

"I find that the defendant effectively cancelled his order to the plaintiff in sufficient time so that the plaintiff should not have suffered financial loss thereby."

The following uncontradicted evidence was introduced:

In a letter dated March 24, 1967, the defendant inquired if the plaintiff could supply "1,000 x 630 different World Wide Pictorial stamps at an average price of 30¢ per 100."

After other correspondence, on April 8, 1967, the defendant in a letter stated: "however, I will need the 1,000 x 630 and I am placing such an order. Do what you can to make this as attractive and varied a selection as possible."

In reply on April 13, 1967, the plaintiff wrote: "I think you have finally given me your firm order for the 1,000 x 630 different world pictorials made up at a total price of $1,890.00 plus shipping . . . . . Needless to say, that will

naturally take quite some time but they will be completed and I shall supply the best possible quality of them''.

 The letters of April 8 and April 13 constituted a binding unambiguous contract in writing.

Its interpretation is a matter of law for the court. *Gil-Bern Construction Corp.* v. *Medford,* 1970 A.S. 933, 936. *Forte* v. *Caruso,* 336 Mass. 476, 481. *Waldstein* v. *Dooskin,* 220 Mass. 232, 235.

Relying upon the defendant's order the plaintiff proceeded to acquire and prepare the stamps. On May 11th the plaintiff wrote the defendant saying he was under the impression the defendant did not want the stamps until approximately July 1; however, he offered to send part of them that he had already. May 16th the defendant wrote: ''Since the packet you were preparing was to be delivered completed by July 1st, there is nothing to do but cancel my order and continue to accept only the special offer you have been making.''

The paintiff replied May 22, 1967: ''I am sorry to say this is not possible and I must insist that I supply this and you pay the full amount plus shipping expenses as originally agreed.''

 Later the defendant indicated the stamps were to be delivered by July 1, 1967. They were delivered on or about June 12, 1967.

Quoting from the report: ''The defendant

testified that he was sent the stamps from the plaintiff, that they were the stamps which he had ordered, and that he had sent them back.''

He is bound by this testimony. *Muir Bros.* v. *Sawyer,* 328 Mass. 413, 415. *O'Neil* v. *W. T. Grant Co.,* 335 Mass. 234. *Jacquot* v. *Wm. Filene Sons Co.,* 337 Mass. 312, 316. *Flanagan* v. *John Hancock Mut. L. Ins. Co.,* 349 Mass. 405, 409.

The findings of the trial judge may not be reversed unless there is no evidence to sustain them and they are plainly wrong. *McMahon* v. *Monarch Life Ins. Co.,* 345 Mass. 261, 262.

In this case there was no evidence to sustain the judge's finding. As there was no date of delivery mentioned in the contract it would be required to be made within a reasonable time. The plaintiff informed the defendant it would take time to fulfill the order.

April 13, the contract was made and May 16, approximately one month later, the defendant attempted to cancel the contract, which the plaintiff declined to do. They were delivered about June 12, 1967, nearly three weeks before the earliest date mentioned for delivery. There was no unreasonable delay.

The plaintiff fulfilled his part of the contract, and is entitled to recover. *G.L. c. 106,* § *2 — 301* — ''The obligation of the seller is to transfer and deliver, and that of the buyer is to accept and pay in accordance with the contract.''

■ We order a new trial on the issue of damages.

GEORGE A. TETREAULT of Springfield
 *Attorney for the Defendant*
S. THOMAS MARTINELLI of Springfield
 *Attorney for the Plaintiff*