NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

17-P-584                                          Appeals Court

M.G.  vs.  G.A.

No. 17-P-584.

Middlesex.     April 10, 2018. - September 28, 2018.

Present:  Agnes, Massing, & Neyman, JJ.


Abuse Prevention.  Practice, Civil, Dismissal.  Rules of Civil
    Procedure.  District Court.  Boston Municipal Court.
    Words, "Abuse," "Sexual relations."


    Civil action commenced in the Somerville Division of the
District Court Department on February 2, 2017.

    The entry of an order dismissing the complaint was ordered
by Paul M. Yee, J.


    Andrew W. Piltser Cowan for the plaintiff.
    James J. Coviello (Danielle C. Chattin also present) for
the defendant.


    AGNES, J.  This appeal arises from the dismissal of a

complaint that sought a G. L. c. 209A abuse prevention order.

At the hearing conducted after notice had issued to the

defendant, the defendant moved "for a directed verdict"[1] at the close of the plaintiff's case on the ground that the evidence presented by the plaintiff was not sufficient to support the issuance of an order.  After hearing argument from counsel, the judge allowed the defendant's motion and dismissed the complaint.

We conclude that the judge's order dismissing the complaint must be vacated and the case must be remanded because the judge interpreted the phrase "sexual relations," as it appears in the definition of "abuse" set forth in G. L. c. 209A, § 1, too narrowly.  When the evidence is viewed in the light most favorable to the plaintiff, the facts in this case are that after the parties had begun to engage in consensual sexual intercourse, the plaintiff withdrew her consent, but the defendant remained on top of her and masturbated until he ejaculated on her.  As we explain below, this conduct involves "inappropriate contact of a sexual nature," G. L. c. 268, § 21A,

---

[1] Strictly speaking, the motion was mislabeled.  "Motions for directed verdicts are proper only when a jury have been empanelled.  Only juries reach verdicts; judges make findings" (citations omitted).  Kendall v. Selvaggio, 413 Mass. 619, 620 n.3 (1992).  See Joseph Freedman Co. v. North Penn Transfer, Inc., 388 Mass. 551, 554 n.4 (1983).  In fact, prior to the 1996 merger of the District/Municipal Courts Rules of Civil Procedure into the Massachusetts Rules of Civil Procedure, there was no such thing as a motion for a "directed verdict" in District Court practice.  See Joseph Freedman Co., supra.  The appropriate motion at the close of the plaintiff's case in a jury-waived trial would be a motion for a directed finding or a required finding.

which we conclude is encompassed by the phrase "sexual relations" as it appears in the definition of abuse in G. L. c. 209A, § 1.

We also address the defendant's argument that the judge may have dismissed the complaint at the close of the plaintiff's case by not crediting the plaintiff's testimony. See Mass. R. Civ. P. 41 (b) (2), 365 Mass. 803 (1974) (second and third sentences). Although on the record before us it is unclear whether the judge did make credibility determinations as permitted by rule 41 (b) (2) in certain cases tried without a jury, we take this occasion to explain why rule 41 (b) (2) is not applicable to G. L. c. 209A hearings in the District Court and Boston Municipal Court.[2] In such cases, as we explain below, the judge has the discretion -- but not the duty -- to rule on the sufficiency of the plaintiff's case at the close of the plaintiff's evidence. If the judge exercises this discretion, he must view the evidence in the light most favorable to the plaintiff, drawing all reasonable and possible inferences in the plaintiff's favor.

---

[2] While this case was tried in the District Court, our analysis applies equally to cases tried in the Boston Municipal Court. See Mass. R. Civ. P. 1, as amended, 450 Mass. 1403 (2008) (explaining that "except when the context means something to the contrary," District Court includes the Boston Municipal Court).

Background.  On February 2, 2017, the plaintiff, M.G., filed a complaint for an abuse prevention order against the defendant, G.A., pursuant to G. L. c. 209A.  The judge declined to issue a temporary abuse prevention order after an ex parte hearing on the complaint.  An evidentiary hearing on the matter was subsequently held at which both parties were present and represented by counsel.

Viewing the evidence in the light most favorable to the plaintiff, the judge could have found the following facts.  The plaintiff and the defendant began dating in August, 2012, and purchased a condominium together by the end of 2013.  In October, 2015, the defendant moved out of the condominium, but the parties continued to have sexual relations.  In December, 2015, the defendant initiated a consensual sexual encounter with the plaintiff.  The parties engaged in "genital-to-genital contact" as well as "finger-to-genital contact."  At some point during the sexual encounter, the plaintiff stated, "I'm done, I'm tired" while the defendant was physically on top of her.  She told the defendant at least twice that she "did not want to be doing this."  The defendant stated "that he wanted to finish."  The defendant then masturbated to ejaculation while remaining physically on top of the plaintiff.

The defendant moved for what he termed a "directed verdict" at the close of the plaintiff's case.  The judge allowed the

motion, concluding that the plaintiff failed to prove that the defendant caused her to "engage involuntarily in sexual relations by force, threat or duress," G. L. c. 209A, § 1 (c), because the parties were no longer engaging in sexual intercourse after the plaintiff said she was "done" and "tired." Rather, the judge reasoned, "the most it could have been was an assault and battery at that point in time."

Discussion. 1. Definition of "abuse" under G. L. c. 209A, § 1. In explaining the reasons for his ruling, the judge indicated at one point that the plaintiff failed to prove that the defendant caused her to engage in involuntary sexual relations by force, threat, or duress as a matter of law because the parties were no longer engaging in sexual intercourse after the plaintiff said she was "done" and "tired." The plaintiff argues on appeal that the term "sexual relations" as used in G. L. c. 209A, § 1, should not be so narrowly construed. We agree.

General Laws c. 209A, § 1, defines abuse as "the occurrence of one or more of the following acts between family or household members: (a) attempting to cause or causing physical harm; (b) placing another in fear of imminent serious physical harm; [or] (c) causing another to engage involuntarily in sexual relations by force, threat or duress." Here, the plaintiff proceeded under the third definition of "abuse." The term "sexual

relations" is not further defined in G. L. c. 209A, nor has it been clearly defined by this court or the Supreme Judicial Court. It is, however, broadly defined in G. L. c. 268, § 21A, which criminalizes sexual relations between employees of correctional institutions and inmates, as "intentional, inappropriate contact of a sexual nature, including, but not limited to conduct prohibited by [various enumerated criminal sexual offenses]." In the context of G. L. c. 209A, we do not believe that the Legislature intended to define "sexual relations" so narrowly as to encompass only acts of sexual intercourse, where the statute seeks to protect victims from further sexual abuse and where it has been defined broadly in another chapter of the General Laws. The plaintiff testified that after she said, "I'm done, I'm tired," and communicated that she wanted the defendant to stop, he remained physically on top of her and continued to masturbate over her until he ejaculated. In connection with conduct that is encompassed by the phrase "sexual relations," no less than in the context of "sexual intercourse" as used in the statutes proscribing rape, a person's consent may be withdrawn prior to or during the act. See Commonwealth v. Enimpah, 81 Mass. App. Ct. 657, 658-661 (2012). The evidence, taken in the light most favorable to the plaintiff, was sufficient for the fact finder to conclude that

the defendant caused the plaintiff to engage involuntarily in sexual relations.

We further conclude that sufficient evidence was introduced to prove that the sexual relations between the parties were the product of force. The term "force" is not further defined in G. L. c. 209A, § 1, and has not been clearly defined by the case law interpreting the statute. Force is an element of both the offense of rape, G. L. c. 265, § 22,[3] and of child rape, G. L. c. 265, § 22A,[4] and cases examining the sufficiency of the evidence as it relates to the use of force in that context are instructive. In Commonwealth v. Armstrong, 73 Mass. App. Ct. 245, 254 (2008), this court concluded that sufficient evidence was presented to conclude that the defendant raped the victim, a child, by physical force where "the defendant pulled the victim's legs apart and positioned himself against her spread legs while he engaged in oral sex." In Commonwealth v. Stockhammer, 409 Mass. 867, 873 (1991), the Supreme Judicial

---

[3] General Laws c. 265, § 22, provides, in pertinent part: "Whoever has sexual intercourse or unnatural sexual intercourse with a person, and compels such person to submit by force and against his will . . . shall be punished by imprisonment in the state prison for life or for any term of years."

[4] General Laws c. 265, § 22A, states: "Whoever has sexual intercourse or unnatural sexual intercourse with a child under 16, and compels such child to submit by force and against his will or compels such child to submit by threat of bodily injury, shall be punished by imprisonment in the state prison for life or for any term of years."

Court concluded that sufficient evidence was presented to overcome the defendant's motion for a required finding of not guilty where the evidence indicated that the defendant physically "forced the complainant onto her bed, removed and disarranged her clothes while holding her down, and had intercourse with her while the complainant pushed at him and told him to stop." Using these cases as guidance, and taking the evidence in the light most favorable to the plaintiff, we conclude that the defendant's remaining physically on top of the plaintiff and masturbating to ejaculation after she said, "I'm done. I'm tired" was sufficient to establish the element of force as it appears in G. L. c. 209A, § 1 (c).

2. Motion for a directed finding in a G. L. c. 209A case. A party who seeks either an initial G. L. c. 209A order or an extension of an order previously issued has the burden of proving, by a preponderance of the evidence, that he or she is "suffering from abuse." Iamele v. Asselin, 444 Mass. 734, 736 (2005), quoting G. L. c. 209A, § 3. See Frizado v. Frizado, 420 Mass. 592, 596, 597 (1995); Guidelines for Judicial Practice: Abuse Prevention Proceedings § 5:04 (2011). The defendant is not required to testify or present evidence, although the judge may draw an adverse inference against a defendant who fails to testify. Id. at 596. The drawing of an adverse inference alone is insufficient to establish that the plaintiff has set forth an

adequate case for relief.  See id.  "Thus a defendant's failure to testify cannot be used to justify the issuance of an abuse prevention order until a case is presented on other evidence." Id.

The defendant argues in the alternative that apart from his rulings of law, the judge had independent grounds to dismiss the plaintiff's complaint at the close of her evidence by exercising his right as the finder of fact and simply choosing not to believe the plaintiff's testimony in whole or in part.  See Mass. R. Civ. P. 41 (b) (2).[5]  See also Skowronski v. Sachs, 62 Mass. App. Ct. 630, 633 n.4 (2004); Ryan, Elliott & Co. v. Leggat, McCall & Werner, Inc., 8 Mass. App. Ct. 686, 689-690 (1979).  Generally, Mass. R. Civ. P. 41 (b) (2) allows a judge to apply the directed verdict standard from Mass. R. Civ. P.

---

[5] Rule 41 (b) (2) of the Massachusetts Rules of Civil Procedure provides as follows:  "On motion of the defendant, with notice, the court may, in its discretion, dismiss any action for failure of the plaintiff to prosecute or to comply with these rules or any order of court.  After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief.  The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence.  If the court renders judgment on the merits against the plaintiff the court shall make findings as provided in [Mass. R. Civ. P. 52 (a), as amended, 423 Mass. 1402 (1996)]."

50 (a), 365 Mass. 814 (1974),[6] and, viewing the evidence in the light most favorable to the plaintiff, determine whether from anywhere in the evidence there are facts from which a rational inference may be drawn in favor of the plaintiff. See Curtiss-Wright Corp. v. Edel-Brown Tool & Die Co., 381 Mass. 1, 3-4 (1980). Alternatively, Mass. R. Civ. P. 41 (b) (2) allows a judge to exercise his or her discretion as the trier of fact, "weigh[ing] the evidence and resolv[ing] all questions of credibility, ambiguity, and contradiction in reaching a decision." Ryan, Elliott & Co., 8 Mass. App. Ct. at 689. Written factual findings supporting the judge's decision to allow a motion for involuntary dismissal must be made pursuant to Mass. R. Civ. P. 52 (a), as amended, 423 Mass. 1402 (1996), when the judge follows the second option and elects to act as a trier of fact. See Mass. R. Civ. P. 41 (b) (2).

---

[6] Rule 50 (a) of the Massachusetts Rules of Civil Procedure provides as follows: "A party may move for a directed verdict at the close of the evidence offered by an opponent, and may offer evidence in the event that the motion is not granted, without having reserved the right so to do and to the same extent as if the motion had not been made. A party may also move for a directed verdict at the close of all the evidence. A motion for a directed verdict which is not granted is not a waiver of trial by jury even though all parties to the action have moved for directed verdicts. A motion for a directed verdict shall state the specific grounds therefor. The order of the court granting a motion for a directed verdict is effective without any assent of the jury." Rule 50 (a) applies only to cases tried to a jury. J.W. Smith & H.B. Zobel, Rules Practice § 50.2 (2d ed. 2007). See Wire & Textile Mach. v. Robinson, 332 Mass. 417, 418 (1955); Forbes v. Gordon & Gerber, Inc., 298 Mass. 91, 94-95 (1937).

The question therefore is whether Mass. R. Civ. P. 41 (b) (2) applies in G. L. c. 209A cases tried in the District Court. The answer, we conclude, is "no." The Massachusetts Rules of Civil Procedure apply "in the District Court and in the Boston Municipal Court, in all suits of a civil nature whether cognizable as cases at law or in equity, with the exceptions stated in [Mass. R. Civ. P. 81, as amended, 423 Mass. 1412 (1996)]." Mass. R. Civ. P. 1, as amended, 450 Mass. 1403 (2008). In the District Court, "[t]hese rules apply to all civil proceedings involved in cases traditionally considered tort, contract, replevin, or equity actions . . . ." Mass. R. Civ. P. 81 (a) (2).[7] This was true even prior to the 1996 merger of the District/Municipal Courts Rules of Civil Procedure into the Massachusetts Rules of Civil Procedure. See, e.g., Dist./Mun. Cts. R. Civ. P. 81 (a) (1995). General Laws c. 209A

---

[7] Civil proceedings under G. L. c. 209A are commenced by filing a complaint. G. L. c. 209A, § 3A. Throughout the chapter, the parties are referred to as "plaintiff" and "defendant." See, e.g., G. L. c. 209A, § 3. Although the proceeding that occurs after notice to the defendant is referred to as a "hearing," see G. L. c. 209A, § 3, "[p]roceedings held pursuant to G. L. c. 209A are no different than any other adversarial hearings in that each party has a right to present evidence, and the moving party must satisfy the burden of proof and subject its witnesses to cross-examination." C.O. v. M.M., 442 Mass. 648, 657 (2004). See S.T. v. E.M., 80 Mass. App. Ct. 423, 429-431 (2011). Whether the G. L. c. 209A proceeding after notice to the defendant is referred to as a "hearing" or a "trial," we look to the Massachusetts Rules of Civil Procedure because they apply to "all civil proceedings" unless noted otherwise. See Mass. R. Civ. P. 81 (a) (1)-(3).

proceedings are purely statutory and, thus, are not among the cases to which the Massachusetts Rules of Civil Procedure, including in particular Mass. R. Civ. P. 41 (b) (2), apply in the District Court.  See Adoption of Paula, 420 Mass. 716, 732 n.17 (1995).

Guidance is supplied, however, by Mass. R. Civ. P. 81 (a) (3),  which informs us that if a procedural question is not governed by statute or another applicable rule, the practice "shall follow the course of the common law, as near to these rules as may be . . . ."[8]  As there is no provision in G. L. c. 209A that provides a defendant with a right to challenge the sufficiency of the evidence at the close of the plaintiff's case, we look to the common law, i.e., the law in existence prior to the adoption of the rules of civil procedure in 1973.

At common law, "[n]o pre-rule procedure existed in Massachusetts for dismissal of a jury-waived or equity case, after the plaintiff had rested, on the ground that upon the

---

[8] Rule 81 (a) (3) of the Massachusetts Rules of Civil Procedure provides as follows:  "In respects not governed by statute, or in the case of the District Court not governed by other District Court rules, the practice in civil proceedings to which these rules do not apply shall follow the course of the common law, as near to these rules as may be, except that depositions shall not be taken, nor interrogatories served, save by order of the court on motion, with notice, for good cause shown."  See Mass. R. Civ. P. 81 (e), 365 Mass. 841 (1974) ("When no procedure is specifically prescribed, the court shall proceed in any lawful manner not inconsistent with the Constitution of this Commonwealth, these rules, or any applicable statute").

13

facts and the law the plaintiff had shown no right to relief."
Reporter's Notes to Rule 41 (b) (2), Massachusetts Rules of
Court, Rules of Civil Procedure, at 65 (Thomson Reuters 2018).
See Hurley v. O'Sullivan, 137 Mass. 86, 86-87 (1884) ("The
respondent was not entitled to the two rulings requested at the
close of the petitioner's evidence.  Without discussing them in
any other respect, he did not propose to submit the case finally
upon that evidence.  Unless he did so, he could not require the
judge to express an opinion upon the weight and sufficiency of
the petitioner's evidence, or whether he had or not made out a
prima facie case.  The refusal of the judge to rule in
accordance with his request, at this stage of the case, does not
afford him any ground of exception"); McMahon v. Tyng, 14 Allen
167, 169 (1867) ("The defendant was not entitled to a ruling
upon the plaintiff's case, reserving to himself the right to put
in his own case afterwards.  No exception lies to this
refusal").  Nevertheless, while a judge was not required to
entertain such a motion at the close of the plaintiff's case, he
had discretion to do so.  See Kingsford v. Hood, 105 Mass. 495,
498 (1870); Wetherbee v. Potter, 99 Mass. 354, 359-360 (1868);
Bradley v. Poole, 98 Mass. 169, 179 (1867).  Because there was
discretion at common law to entertain a motion for a required or
directed finding challenging the sufficiency of the evidence at
the close of the plaintiff's case, Mass. R. Civ. P. 81 (a) (3)

preserves that option for judges sitting in the District Court. However, Mass. R. Civ. P. 81 (a) (3) does not preserve the option to make credibility determinations at this stage of the proceedings. At common law, there was no practice like there is under Mass. R. Civ. P. 41 (b) (2), whereby a judge in a jury-waived proceeding could determine the credibility of the plaintiff at the close of her case and dismiss a complaint on that basis.

In determining whether to exercise discretion and entertain a challenge to the sufficiency of the evidence presented by the plaintiff at the close of her case in a G. L. c. 209A proceeding, as judges do routinely in civil cases involving, for example, tort or contract, judges should consider the nature and purpose of G. L. c. 209A. In cases brought pursuant to G. L. c. 209A, the focus of the proceeding must be on the plaintiff's need for protection. Singh v. Capuano, 468 Mass. 328, 332 (2014). As we said in S.T. v. E.M., 80 Mass. App. Ct. 423, 430-431 (2011), "each party should be given a fair opportunity to present his case. While a judge surely may exclude irrelevant or inadmissible evidence, or even interrupt an argument or a witness examination that has become repetitious, he should not terminate a hearing without ensuring that he has heard all the relevant and admissible evidence once. [J]udicial discretion is not unlimited, and each side must be given a meaningful

opportunity to challenge each other's evidence" (quotation and citations omitted).

These considerations suggest that when presented with a defendant's motion for a directed finding at the close of the plaintiff's case on the ground that the evidence presented did not support the issuance or extension of a G. L. c. 209A abuse prevention order, there are advantages to first inquiring whether the defendant intends to present evidence and, if so, hearing any evidence that the defendant wishes to present before acting on the motion.  The judicial burden of hearing the defendant's evidence is minimal, and hearing such evidence will enable the judge to make a more informed decision in these sensitive cases, in which the safety of the plaintiff is often at issue.  Because the majority of these cases involve self-represented parties, inviting the defendant to present evidence, which in turn gives the plaintiff the opportunity to cross-examine the defendant or any witnesses he may call, may produce relevant and probative evidence that otherwise would not be presented.  If the defendant does not wish to present any evidence, the judge may, at that point, make credibility determinations and adjudicate the case in the ordinary course.

See Frizado, 420 Mass. at 596 ("The plaintiff must make the case for the awarding of relief").[9]

Here, based on the record before us, there are indications that the judge, prior to the close of the evidence, may have discredited portions of the plaintiff's testimony relating to whether the sexual acts at issue were voluntary. Because, as we explained above, Mass. R. Civ. P. 41 (b) (2) is not applicable in G. L. c. 209A cases heard in the District Court,[10] the judge was not authorized to make credibility determinations at the close of the plaintiff's case unless and until the defendant rested.

Conclusion. We are mindful of the large volume of cases under G. L. c. 209A that come before the District Court and Boston Municipal Court week in and week out, and the careful

---

[9] Of course, there may be cases in which the legal insufficiency of the plaintiff's case is plain, such as when the defendant is not a "family or household member" within the meaning of G. L. c. 209A, § 1. In such a case, a judge sitting in the District Court or Boston Municipal Court would be authorized to allow a motion for a directed finding at the close of the plaintiff's case and to enter judgment for the defendant.

[10] The limitation on the application of the rules of civil procedure expressed in Mass. R. Civ. P. 81 (a) (2) does not apply to proceedings brought in the Superior Court, see Mass. R. Civ. P. 81 (a) (1), or in the Probate and Family Court. See Mass. R. Dom. Rel. P. 41 (b) (2). Nonetheless, the advantages in a G. L. c. 209A case associated with hearing both the plaintiff's case and the defendant's case, if the defendant wishes to testify or call witnesses, before making a decision applies equally to judges in the Superior Court and Probate and Family Court.

attention judges give to these sensitive and important cases. Nothing we have said today should interfere with the efficient disposition of these cases.[11]  Judges in those courts retain their traditional, discretionary authority to dismiss a complaint at the close of the plaintiff's case when the evidence, if believed, would not entitle the plaintiff to relief.  Further, nothing in this opinion requires a defendant who otherwise wishes not to testify or to present evidence to do so.  However, based on the Massachusetts Rules of Civil Procedure, judges sitting in the District Court and Boston Municipal Court hearing a complaint for relief under G. L. c. 209A, after notice to the defendant, are not authorized to dismiss the complaint at the close of the plaintiff's case

---

[11] Nothing we say in this opinion affects the settled law that in a G. L. c. 209A hearing, after notice to the defendant, "the moving party must satisfy the burden of proof and subject its witnesses to cross-examination."  C.O. v. M.M., 442 Mass. 648, 657 (2004).  Thus, before the plaintiff rests, the defendant has the right to cross-examine the plaintiff or any witness called by the plaintiff to demonstrate inconsistencies, contradictions, or ambiguities, if any, in the evidence. Furthermore, the Supreme Judicial Court has repeatedly emphasized that the "judge must be the directing and controlling mind at the trial, and not a mere functionary to preserve order and lend ceremonial dignity to the proceedings" (quotation omitted).  Commonwealth v. Carter, 475 Mass. 512, 526 (2016). The judge thus "has discretion to exclude irrelevant evidence, sua sponte, provided he does not exhibit bias in the process." Commonwealth v. Lucien, 440 Mass. 658, 664 (2004).  See Commonwealth v. Watkins, 63 Mass. App. Ct. 69, 74 (2005) ("It is well established that a judge in this Commonwealth may question witnesses to clarify and develop evidence and to avert perjury").

simply because they do not believe some or all of the plaintiff's testimony.  Instead, the resolution of questions of credibility, ambiguity, and contradiction must await the close of the evidence.

For the reasons set forth above, we vacate the order dismissing the plaintiff's complaint and remand the matter for further proceedings not inconsistent with this opinion.

So ordered.